## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINIOS
## EASTERN DIVISION

| | |
|---|---|
| Freeborn & Peters LLP<br><br>         Plaintiff<br><br>v.<br><br>Lionsgate Business Acquisition Company,<br>Mildred Drake Family Trust U.S.A. d/b/a<br>Mildred Drake Family Trust, and David Drake<br><br>         Defendants | No. |

## COMPLAINT

Plaintiff Freeborn & Peters LLP ("F&P") hereby alleges and complains of Defendants Lionsgate Business Acquisition Company ("Debtor"), Mildred Drake Family Trust U.S.A. d/b/a Mildred Drake Family Trust ("Guarantor"), and David Drake ("Drake") as follows:

### PARTIES AND BACKGROUND

1.    Plaintiff Freeborn & Peters LLP is an Illinois limited liability partnership and law firm headquartered in Chicago, Illinois and with partners residing in Illinois, Florida, and New York. On April 1, 2023, F&P merged its law practice with that of another law firm. F&P remains in existence in run-off to collect accounts receivable, among other things.

2.    Defendant Lionsgate Business Acquisition Company is a Delaware corporation that, on information and belief, has its principal place of business in Detroit, Michigan. Debtor is a former client of F&P and is indebted to F&P for over $548,000 for legal services performed in 2019 and 2020. On October 16, 2023, Debtor subsequently executed that certain Promissory Note in favor of F&P to settle such indebtedness, which is attached hereto as **Exhibit A** (the "Note").

3. Defendant Mildred Drake Family Trust U.S.A. is a Delaware statutory trust doing business as the Mildred Drake Family Trust that that, on information and belief, operates an asset-management and financial-planning enterprise headquartered in Houston, Texas. On information and belief, Guarantor is an affiliate (and the ultimate parent) of Debtor, with members / beneficial owners of Guarantor residing in Georgia, Michigan, and/or Texas. On October 16, 2023, Guarantor executed a Guaranty absolutely, unconditionally, and irrevocably guaranteeing all payment and other obligations to F&P under the Note in the event Debtor did perform, which is attached hereto as **Exhibit B** (the "Guaranty")

4. Defendant David Drake is an individual who, on information and belief, resides in Texas. On information and belief, Drake is associated with both Debtor and Guarantor, is the formal registered agent of and financial advisor to Guarantor, repeatedly has held himself out as an authorized agent of both Debtor and Guarantor, and also repeatedly promised F&P that both Debtor and Guarantor would honor their obligations to F&P (which to date they have not done).

### JURISDICTION AND VENUE

5. This Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this is an action between citizens different states with an amount in controversy in excess of $75,000 (exclusive of interest and costs).

6. This Court has personal jurisdiction over Defendants because, individually and/or collectively, have purposely availed themselves of the privilege of conducting activities in the State of Illinois by, among other things, generally doing business in the State, making and/or performing contracts or promises substantially connected with the State, and committing tortious acts within and/or substantially directed to the State. Additionally, Debtor and Guarantor have consented to personal jurisdiction because the Note and the Guaranty each contain a provision submitting to the jurisdiction of this Court.

7.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims in this action occurred in the District. Alternatively, venue is proper in the District under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction as to this action.

## GENERAL ALLEGATIONS

8.      During 2020, Debtor engaged F&P to represent it in connection with various legal matters. Pursuant to the parties' engagement agreement, F&P performed legal services for Debtor, and Debtor agreed to pay F&P's legal fees incurred for such work.

9.      F&P provided Debtor with written invoices detailing the legal services performed and expenses incurred by F&P on a monthly basis. Debtor has failed to pay such invoices totaling approximately $548,000.

10.     Beginning in the spring of 2023, F&P began negotiating an agreement with Debtor, first through Debtor's former general counsel and later through its authorized representatives, to settle the debt owed to F&P. One such representative was Brooke Crawford ("Crawford"), who held herself out as an authorized agent of Debtor.

11.     On June 14, 2023, Crawford confirmed Debtor's agreement to settle with F&P for $274,259, which represents a 50% discount from Debtor's actual debt to F&P. Crawford then asked for a proposed "settlement agreement for review." Later the same day, F&P supplied the requested settlement agreement, the receipt of which Crawford confirmed the following day.

12.     The next week, F&P wrote to Crawford to check on the status of the settlement agreement. After multiple follow-up inquiries, Crawford responded that "the company is looking to handle this matter amicably" and that she would "check in with legal and the team to get this matter addressed."

13.     On July 24, 2023, Crawford stated that payment "will be made by the end of next month," or August 31, and that Debtor "will have the agreement executed."

14.     After several more follow-up inquiries by F&P, and passage of the August 31 payment date that Debtor had promised, F&P again wrote to Crawford, who now stated that "payment … will be made" by wire and that Debtor "will confirm to you." Crawford also stated "Mr. Drake reached out to you" on this matter.

15.     When Debtor again did not fulfill the agreed obligations as outlined by Crawford, Drake entered the picture and repeatedly promised payment would be made, stating that payment was part of an "escrow agreement." F&P requested a copy of the escrow agreement, but Drake never provided it. In that same conversation, Drake made extremely anti-Semitic comments to F&P's representative on Yom Kippur, stating that F&P was employing "gestapo tactics."

16.     Over the course of the following thirty to forty-five days, Drake made even more promises of payment, eventually agreeing that Debtor would sign a promissory note, guaranteed by Debtor's affiliate and parent entity (Guarantor), with a payment date of October 31, 2023. Drake agreed that F&P would draft the Note and Guaranty, and that Debtor and/or Guarantor would pay for the fees incurred.

17.     F&P has performed all duties and obligations required of it under the agreements of the parties, including without limitation the engagement agreement, the Note, and the Guaranty.

18.     F&P repeatedly has demanded that Defendants pay all amounts due and owing under their agreements and has provided notices of all corresponding defaults. Debtor and Guarantor have failed to pay any and all amounts due under the Note and Guaranty. As a result of these breaches / defaults and Defendants' repeated misrepresentations, F&P has been damaged in the amount of $276,695, together with interest, fees, and costs.

## COUNT I:
## BREACH OF CONTRACT (AGAINST DEBTOR)

19.     F&P realleges and incorporates by reference Paragraphs 1 through 18 above as though fully restated herein.

20.     On or about October 16, 2023, Debtor executed the Note in favor of F&P to settle its debt to F&P. (*See* **Ex. A**.)

21.     The principal amount of the Note is $274,259.

22.     Payment under the Note was due on October 31, 2023.

23.     Debtor defaulted under the Note by failing to pay all amounts due to F&P.

24.     Debtor also agreed to pay F&P's legal fees in drafting the Note, which amount was $2,436.

25.     Under the Note, upon default, Debtor must pay interest at 8% per month.

26.     F&P has given Debtor notice of its default.

27.     Debtor remains in default under the Note.

28.     Debtor breached the Note by failing to timely pay F&P all amounts due thereunder.

29.     As of the date of this filing, Debtor owes F&P $276,695, which represents the principal amount of the Note, plus the legal fees for drafting the Note, together with 8% interest per month accruing as of November 1, 2023, and fees and costs of suit under the terms of the Note.

WHEREFORE, Plaintiff Freeborn & Peters LLP respectfully requests that this Court enter judgment in its favor and against Defendant Lionsgate Business Acquisition Company in the amount of $276,695 plus interest, fees, and costs provided for under the terms of the Note, and such further relief as this Court deems necessary or appropriate under the circumstances.

### COUNT II:
### BREACH OF GUARANTY (AGAINST GUARANTOR)

30.     F&P realleges and incorporates by reference Paragraphs 1 through 29 above as though fully restated herein.

31.     On or about October 16, 2023, Guarantor executed the Guaranty unconditionally and irrevocably guaranteeing all payment and other obligations to F&P under the Note in the event Debtor did not perform. (*See* **Ex. B**.)

32.     Debtor has defaulted under the Note.

33.     F&P has provided notice of such defaults to both Debtor and Guarantor.

34.     To date, Guarantor has failed to honor its obligations under the Guaranty.

WHEREFORE, Plaintiff Freeborn & Peters LLP respectfully requests that this Court enter judgment in its favor and against Defendant Mildred Drake Family Trust U.S.A. d/b/a Mildred Drake Family Trust in the amount of $276,695 plus interest, fees, and costs provided for under the terms of the Guaranty by way of the Note, and such further relief as this Court deems necessary or appropriate under the circumstances.

### COUNT III:
### FRAUD (AGAINST ALL DEFENDANTS)

35.     F&P realleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.     On numerous occasions between June and September 2023, Crawford (acting as agent for Defendants) affirmatively represented via email that, among other things, F&P would receive payment of $274,259 by wire on or before August 31, 2023.

37.     In September 2023, Drake (acting on behalf of himself and as agent for Debtor and Guarantor) also affirmatively represented both verbally and via text that, among other things, payment of $274,259 would be made to F&P.

38.     Crawford's and Drake's representations were false and made with intent to deceive F&P into believing payment was forthcoming (when Crawford and Drake knew it was not). Crawford and Drake made these false statements for the purpose of stalling and eventually not paying Debtor's debt to F&P, believing that making empty promises would deter F&P from seeking judicial measures to enforce payment.

39.     On information and belief, Defendants intentionally made such false statements through Crawford and Drake as part of a larger scheme to defraud legitimate creditors of Debtor and Guarantor (including F&P) and specifically to avoid, delay, and/or frustrate their payment on valid indebtedness incurred by Defendants.

40.     As a direct and proximate consequence of the foregoing acts and/or omissions, F&P has been defrauded out of no less than $274,259 (the settlement amount) and as much as $548,000 (the actual debt for unpaid legal fees), and interest, fees, costs, and/or punitive damages.

WHEREFORE, Plaintiff Freeborn & Peters LLP respectfully requests that this Court enter judgment in its favor and against Defendants Lionsgate Business Acquisition Company, Mildred Drake Family Trust U.S.A. d/b/a Mildred Drake Family Trust, and David Drake, jointly and severally, in the amount of $584,000 plus interest, fees, and/or costs, and such further relief as this Court deems necessary or appropriate under the circumstances.

Date: December 4, 2023                    **FREEBORN & PETERS LLP**

                                          By:     s/ Kirk Watkins
                                                  One of Its Attorneys

Kirk Watkins (kwatkins@sgrlaw.com)
Smith, Gambrell & Russell, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
312.360.6000 t | 312.360.6520 f